IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| DIANNE HYLAND, | : | |
|---|---|---|
| Plaintiff, | : | |
| v. | : | Civ. No. 10-875-LPS |
| SMYRNA SCHOOL DISTRICT, | : | |
| Defendant. | : | |

**MEMORANDUM ORDER**

At Wilmington this 21st day of September, 2012, having considered the pending motions (D.I. 99, 100);

**IT IS HEREBY ORDERED** that:

1. When Plaintiff filed this lawsuit she was represented by counsel. On March 19, 2012, the Court granted her attorney's motion to withdraw as counsel. (D.I. 97) Prior to that time, Plaintiff had filed a motion for continuance and for an extension of the discovery deadline. (D.I. 96) Therein, she sets forth difficulty with counsel, including that she was not informed of her scheduled March 7, 2012 deposition. The March 19, 2012 Order provided Plaintiff thirty (30) days to retain new counsel or to advise the Court that she had elected to proceed pro se. The same Order stated that the Court would determine at a later date whether to extend discovery and whether to impose sanctions.

2. On April 17, 2012, Plaintiff filed a second letter/motion seeking additional time to conduct discovery and to retain counsel. (D.I. 99)

1

3. On April 19, 2012, Defendant filed a motion to dismiss for Plaintiff's failure to prosecute or to comply with the Federal Rules of Civil Procedure. (D.I. 100) In its motion, Defendant also sought sanctions, including attorney fees. Plaintiff did not respond to Defendant's motion.

4. On September 7, 2012, the Court ordered the parties to provide it with a joint status report (D.I. 101), which they did (D.I. 104). In addition, Plaintiff filed an opposition to the motion to dismiss (D.I. 103), to which Defendant replied (D.I. 105); and Defendant filed an opposition to Plaintiff's motion for additional time to conduct discovery and retain counsel (D.I. 102), to which Plaintiff replied (D.I. 106).

5. Given that Plaintiff proceeds pro se, she will be given one final opportunity to retain counsel and the case deadlines will be extended one final time. Plaintiff's letter/motion for an extension to complete discovery and to retain counsel (D.I. 99) is **GRANTED**.

6. Defendant seeks dismissal for failure to prosecute. Pursuant to Fed. R. Civ. P. 41(b), a court may dismiss an action "[f]or failure of the plaintiff to prosecute or to comply with [the Federal Rules] or any order of court." Although dismissal is an extreme sanction that should only be used in limited circumstances, dismissal is appropriate if a party fails to prosecute the action. *See Harris v. City of Philadelphia*, 47 F.3d 1311, 1330 (3d Cir. 1995). Given Plaintiff's apparent difficulties in retaining new counsel, and evident continued interest in attempting to obtain counsel, the Court declines at this juncture to dismiss the case for Plaintiff's failure to prosecute. Therefore, Defendant's motion to dismiss and for sanctions (D.I. 100) is **DENIED** without prejudice to renew should Defendant deem it necessary.

7. Plaintiff is given thirty (30) days from the date of this Order to retain new counsel and for new counsel enter his or her appearance. If new counsel does not enter his or her appearance within that time-frame, Plaintiff will be deemed to have chosen to continue to proceed *pro se*. **THERE WILL BE NO FURTHER EXTENSIONS.**

8. Deadlines are amended as follows:

    A. **Discovery**. All discovery in this case shall be initiated so that it will be completed on or before **December 31, 2012. THERE WILL BE NO FURTHER EXTENSIONS OF THE DISCOVERY DEADLINE.**

    B. **Summary Judgment Motions**. All summary judgment motions and opening briefs and affidavits, if any, in support of the motions, shall be served and filed on or before **January 31, 2013**. Answering briefs and affidavits, if any, shall be filed on or before **February 28, 2013**. Reply briefs shall be filed on or before **March 15, 2013**.

_____
UNITED STATES DISTRICT JUDGE