IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DIANNE HYLAND, | : | UNSEALED ON |
| | : | OCTOBER 9, 2014 |
| Plaintiff, | : | |
| | : | |
| v. | : | C.A. No. 10-875-LPS |
| | : | |
| SMYRNA SCHOOL DISTRICT, | : | |
| | : | |
| Defendant. | : | |

## MEMORANDUM ORDER

Pending before the Court are Cross-Motions for Summary Judgment filed by Plaintiff Dianne Hyland (D.I. 111) and Defendant Smyrna School District (D.I. 112).

### BACKGROUND

On October 13, 2010, Plaintiff filed suit against Defendant based on Defendant's allegedly discriminatory employment practices. (D.I. 2) Plaintiff had previously filed a complaint with the Equal Employment Opportunity Commission ("EEOC") on April 15, 2009, alleging a violation of Title VII of the Civil Rights Act of 1964. (*Id.*) In her complaint, Plaintiff asserts violations of her rights protected under Title VII and under the Delaware Discrimination in Employment Act ("DDEA"), 19 Del.C. § 711. (*Id.*) Specifically, Plaintiff alleges that: (1) Defendant discriminated against Plaintiff by promoting lesser qualified white employees over Plaintiff, an African-American female; and (2) Defendant retaliated in response to Plaintiff's attempt to protest its employment practices. (D.I. 111 at 9)

Defendant hired Plaintiff as a cafeteria monitor in September 1990. (D.I. 114 at 75-76)

1

From 1990 to 1992, Plaintiff worked two hours per day at this position. (*Id.* at 76) In 1992, Plaintiff was approached by Patricia Conley and asked to consider a position in child nutrition, an offer Plaintiff accepted. (*Id.* at 76-77) As a result, Plaintiff worked in child nutrition, part-time without benefits, from 1992 to 2007. (*Id.* at 77-78) During this period, Grace Gray, Lisa Outten, Donna Stanley, and Dawn Fox were promoted by Defendant to positions with benefits, allegedly because of their race. (D.I. 113 at 7-8)

In 2007, Plaintiff provided Conley with a Letter of Intent to obtain a job with benefits. (D.I. 114 at 79-80) Shortly after submitting the Letter, Plaintiff rejected a training offer proposed by Conley. (*Id.* at 80) In April and May 2007, Plaintiff worked temporarily as a cook's assistant and in a training position for the cook position. (D.I. 111; D.I. 129)

In August 2008, Defendant hired Kristen Kahl for a six-hour per day baker position with benefits and Alan Voshell for a six-and-a-half-hour per day general worker position with benefits. (D.I. 114 at 51, 58-59) Neither of the positions were posted in advance of the hires. In addition, both employees are white and had shorter tenures with Defendant than Plaintiff. (D.I. 114 at 48-49, 61-62)

In December 2008, Plaintiff applied and interviewed for a six-hour general worker position with Defendant. (D.I. 114 at 84) She was not hired for the position; instead, Defendant selected Ethel Bogia. (D.I. 113) Then, on April 15, 2009, Plaintiff filed her Charge of Discrimination with the Delaware Department of Labor and sent a Letter of Concern to Conley, identifying alleged race-based discrimination with regard to Defendant's hiring practices. (D.I. 114 at 1, 30) Defendant's employee, Deborah Wicks, responded to Plaintiff on May 11, 2009, explaining why Bogia had been hired for the position instead of Plaintiff. (*Id.* at 31)

In May 2009, Plaintiff applied to Defendant to become a baker, which was a full-time position with benefits. (*Id.* at 32, 89-90) The hiring process required each applicant to take a skills test involving problems relevant to baking, measurements, and portions. (*Id.* at 34-41) Wicks and Buddy Lloyd notified Plaintiff of the required skills test, but she refused to take the test. (*Id.* at 89-91) Due to her refusal, Plaintiff was informed by Melissa Sayers that she would not be considered for the baker position. (*Id.* at 33, 91-92; D.I.118) Defendant ultimately hired Pam Messick for the position, an applicant who successfully completed the test. (D.I. 114 at 34-42; D.I. 113)

In March 2010, Lloyd and Sayers met with Plaintiff to discuss two complaints allegedly filed by two employees regarding Plaintiff's actions at work. (D.I. 114 at 104-106) The meeting was memorialized by a Letter of Record, which was placed in Plaintiff's employment record. (*Id.* at 42) Defendant decided not to take disciplinary action against Plaintiff in response to the complaints. (*Id.* at 107-09) Based on the complaints and meeting, Plaintiff filed another Charge of Discrimination with the Delaware Department of Labor on June 9, 2010, alleging retaliation and race-based employment discrimination. (*Id.* at 3)

## LEGAL STANDARDS

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986). The moving party bears the burden of demonstrating the absence of a genuine issue of material fact. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 415 U.S. 574, 586 n.10 (1986). Material facts are those "that might affect the outcome of the suit under the governing law." *Anderson v.*

*Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). If the moving party meets its burden, then the non-moving party must produce enough evidence to support its claim or rebut the moving party's claims in order to create a genuine issue of material fact. *See Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Cos., Inc.*, 210 F.3d 1099, 1103 (9th Cir. 2000). This factual dispute must be more than speculative; a genuine issue of material fact exists only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. When considering a motion for summary judgment, the Court must "draw all reasonable inferences in favor of the non-moving party, and it may not make credibility determinations or weigh the evidence." *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000).

## DISCUSSION

### I. Time-Barred Claims

Many of Plaintiff's allegations regarding hiring and promoting practices by Defendant are time-barred. Under Title VII, in a "deferral" state such as Delaware, a plaintiff must file a complaint with the EEOC within 300 days of the alleged unlawful conduct. *See* 42 U.S.C. § 2000e-5(e); *Watson v. Eastman Kodak Co.*, 235 F.3d 851, 854 (3d Cir. 2000). A plaintiff is barred from challenging any hiring decisions that occur more than 300 days before such a filing. *See Lacy v. Nat'l R.R. Passenger Corp.*, 254 Fed. Appx. 934, 936 (3d Cir. Nov. 26, 2007).

In this case, Plaintiff first filed a complaint with the Delaware Department of Labor, and by extension the EEOC, on April 15, 2009. (D.I. 114 at 1) Thus, any hiring decisions that occurred before June 19, 2008 (i.e., 300 days before April 15, 2009) are time-barred.

Hence, only the hiring of Kahl and Voshell in August 2008, of Bogia in December 2008, and of Messick in May 2009 can be challenged by Plaintiff. (D.I. 111) By contrast, Plaintiff's

4

allegations based on Defendant's hiring and promotion of Fox, Stanley, Outten, and Gray – all of which had occurred prior to June 2008 – are time-barred and may not be used to demonstrate discriminatory employment practices by Defendant. (D.I. 113 at 7-8)

## II. Discriminatory Employment Practices Claim

Plaintiff fails to provide evidence from which a reasonable factfinder could find that Defendant's reasons for hiring Kahl, Voshell, and Bogia are mere pretext for discriminatory employment practices.[1] In addition, Plaintiff fails to establish that Messick's promotion provides a basis for a *prima facie* case of discrimination.

In order to establish a *prima facie* case of discrimination under Title VII, a plaintiff must show that: (1) she is a member of a protected class; (2) she was qualified for the employment position; and (3) she was not selected for that position "under circumstances that give rise to an inference of unlawful discrimination." *Hampton v. Borough of Tinton Falls Police Dept.*, 98 F.3d 107, 112 (3d Cir. 1996) (quoting *Texas Dept. Of Cmty. Affairs v. Burdine*, 450 U.S. 248, 253 (1981)). If a plaintiff meets this burden, the burden then shifts to the employer "to articulate some legitimate, non-discriminatory reason for the employee's rejection." *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973). If this burden is met, the plaintiff must then be "afforded a fair opportunity to show that [the employer's] stated reason for [plaintiff's] rejection was in fact pretext." *Id.* at 804. To establish pretext, the plaintiff must produce evidence from which a factfinder could find "both that [defendant's] reason was false, and that discrimination was the real reason." *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 515 (1993).

---

[1] While Plaintiff also seeks to challenge the hiring of Amber Cochran as a full-time employee, the record created by the parties could not reasonably lead a factfinder to find that Defendant ever hired Cochran in a full-time capacity. (D.I. 114 at 66-68)

5

Generally, the standard of evidence needed to prevail under the DDEA is the same as that required to prevail under Title VII. *See Alred v. Eli Lilly & Co.*, 771 F. Supp. 2d 356, 366 (D. Del. 2011).

Plaintiff has failed to adduce sufficient evidence from which it could reasonably be found that Defendant's reasons for promoting Kahl before Plaintiff were merely pretext for racial discrimination. Assuming Plaintiff can make out a *prima facie* case of discrimination, Defendant has articulated a legitimate reason for promoting Kahl: Kahl owned and operated her own bakery for ten years prior to her employment with Defendant. (D.I. 114 at 48-49) The record does not contain evidence from which it might reasonably be found that this reason for promoting Kahl is merely pretextual.

The Court reaches the same conclusion with respect to the hiring of Voshell. Plaintiff alleges that Voshell was hired earlier than her to a full-time position with benefits because of his race. (D.I. 114 at 84, 100-01) Plaintiff asserts in her sworn deposition that she has many more years of experience and completed more unit courses than Voshell. (*Id.* at 100-02) Plaintiff further notes that Voshell's hiring as a full-time general worker contradicts Defendant's hiring policies, which state that full-time general worker positions are meant to be training positions for cooks, bakers, and managers, yet Voshell was none of these. (*Id.* at 5-6, 100) Defendant responds that Voshell was hired for a unique position created to fill Defendant's needs during renovations at Smyrna High School. (*Id.* at 59; D.I. 113) Defendant also asserts that Voshell was selected because of his thirty years of experience as a stock clerk at Acme Markets and because he had previously filled in for Defendant's chief custodian. (D.I. 114 at 60-62; D.I. 113; D.I. 117) The record does not contain evidence from which it might reasonably be found that

this reason for hiring Voshell is merely pretextual.

The Court reaches the same conclusion with respect to Plaintiff's claims about Defendant's hiring of Bogia. Plaintiff alleges that Defendant's failure to select her for the six-hour per day general worker position in December 2008 was based on racial animus. (D.I. 111) Plaintiff states that her work evaluations were excellent and she was trained by and assisted the cook. (*Id.* at 5-6) In response, Defendant asserts that the hiring dates of Plaintiff and Bogia were roughly equivalent and Bogia scored the highest in the interview portion of the hiring process. (D.I. 114 at 8-20) In addition, Bogia had more experience working independently as a cook and superior work evaluations. (*Id.* at 70-73, 114) Plaintiff scored poorly on the interview portion because, as the record shows, the interviewers unanimously recorded her hesitancy in accepting greater responsibility. (*Id.* at 8-20) The record does not contain evidence from which it might reasonably be found that this reason for hiring Bogia as a general worker is merely pretextual.

With respect to the baker position that was filled by Messick in May 2009, Plaintiff cannot meet her burden even to establish a *prima facie* claim of discrimination because she was unqualified for the position as she did not take the required skills test. (D.I. 114 at 90-93) Messick took and passed the skills test. (*Id.* at 34-42) Defendant provided evidence that the baker position required completion of a skill test since at least 2000. (D.I. 117)

### III. Retaliation Claim

With respect to her retaliation claim, Plaintiff has failed to present evidence from which a reasonable factfinder could find a causal connection between her employment discrimination claim and the letter placed in her file.

In order to establish a *prima facie* case of retaliation under Title VII, a plaintiff must

7

show that: "(1) she engaged in activity protected by Title VII; (2) the employer took an adverse employment action against her; and (3) there was a causal connection between her participation in the protected activity and the adverse employment action." *Nelson v. Upsala Coll.*, 51 F.3d 383, 386 (3d Cir. 1995).

With respect to the adverse employment action prong, the Supreme Court recognizes that "the anti-retaliation provision . . . is not limited to discriminatory actions that affect the terms and conditions of employment." *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 64 (2006). Instead, "a plaintiff must show that a reasonable employee would have found the challenged action materially adverse" or that such actions would "dissuade[] a reasonable worker from making or supporting a charge of discrimination." *Id.* at 68.

In regard to the third element, a causal connection, the Court must consider "a broad array of evidence." *LeBoon v. Lancaster Jewish Cmty. Ctr. Ass'n*, 503 F.3d 217, 232 (3d Cir. 2007). Such evidence includes "temporal proximity," especially when such proximity is "unusually suggestive." *Clark Cnty. Sch. Dist. v. Breeden*, 532 U.S. 268, 273-74 (2001) (explaining temporal proximity alone, when "very close," can in some instances establish *prima facie* case of retaliation). Other kinds of evidence can include "intervening antagonism or retaliatory animus, inconsistencies in the employer's articulated reasons for terminating the employee, or any other evidence in the record sufficient to support the inference of retaliatory animus." *LeBoon*, 503 F.3d at 232-33.

If a plaintiff can make out all of the elements of her *prima facie* case, "the burden shifts to the employer to advance a legitimate, non-retaliatory reason" for its conduct. *Krouse v. Am. Sterilizer Co.*, 126 F.3d 494, 500 (3d Cir. 1997). If the employer satisfies its burden, the plaintiff

8

must come forward with evidence from which a reasonable factfinder could find both that the employer's proffered explanation was false and that retaliation was the real reason for the adverse employment action. *See id.* at 501.

Here there is no dispute that Plaintiff engaged in protected activity. (D.I. 113) The Court will assume that Defendant took an adverse employment action against Plaintiff. Even so, the record fails to establish even a genuine dispute of material fact as to the required causal connection between Plaintiff's protected activity and Defendant's adverse employment action.

Plaintiff claims that Defendant engaged in retaliation under Title VII because Plaintiff filed discrimination claims against Defendant. (D.I. 111 at 11-12) Defendant responds that it took the actions it did because it received complaints from two of Plaintiff's co-workers. (D.I. 114 at 104-06) The record does not contain evidence from which a factfinder could reasonably find that this explanation is false and that, instead, retaliation was the real reason for Defendant's actions.

Furthermore, the gap of approximately ten months between the protected activity and the alleged retaliatory action does not, by itself, support a reasonable finding of a causal link. *See Leboon*, 503 F.3d at 233 ("[A] gap of three months between the protected activity and the adverse action, without more, cannot create an inference of causation and defeat summary judgment.").

Defendant provided a legitimate reason for the meeting discussing Plaintiff's behavior and Plaintiff did not provide evidence rebutting Defendant's proffered reason. Therefore, even viewing the evidence in the light most favorable to Plaintiff, the retaliation claim cannot survive summary judgment.

## CONCLUSION

Taking the evidence in the light most favorable to Plaintiff (as the non-moving party in connection with Defendant's motion for summary judgment), Plaintiff has failed to create a record from which a reasonable factfinder could find that she has demonstrated each of the required elements of any of her claims.

Accordingly, and for the reasons stated above,

IT IS HEREBY ORDERED that:

1. Plaintiff's Motion for Summary Judgment (D.I. 111) is DENIED.

2. Defendant's Motion for Summary Judgment (D.I. 112) is GRANTED.

3. Because this Order has been filed under seal (due to the parties' filing the appendices containing the evidence relied on herein under seal), the parties shall meet and confer and shall, not later than ten (10) days from the date of this Order, file a proposed redacted version of the Opinion. Thereafter, the Court will issue a public version of the Memorandum Opinion and the case will then be closed.

September 30, 2014
Wilmington, Delaware

UNITED STATES DISTRICT JUDGE