IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DIANNE HYLAND, | : |
| Plaintiff, | : |
| v. | : Civ. No. 10-875-LPS |
| SMYRNA SCHOOL DISTRICT, | : |
| Defendant. | : |

**MEMORANDUM ORDER**

At Wilmington this 9th day of December, 2014, having reviewed Plaintiff Dianne Hyland's pending motion for an extension of time to appeal (D.I. 135);

Plaintiff filed a motion for an extension of time to file an appeal (D.I. 135) on November 3, 2014. Pursuant to Federal Rule of Appellate Procedure 4(a)(5)(A), the Court may grant Plaintiff's motion only if it was filed no later than thirty (30) days after the expiration of the time originally prescribed by Rule 4(a)(1) to file a notice of appeal, and she shows either excusable neglect or good cause.

Plaintiff seeks an extension of time to appeal this Court's September 30, 2014 Memorandum Order. (*See* D.I. 131) In her motion, Plaintiff states that "it was conveyed" to her that the Judge "would allow a couple of days." (D.I. 135) When Defendant opposed the motion (D.I. 138) on the grounds that Plaintiff failed to offer good cause or excusable neglect for her failure to timely file a notice of appeal, Plaintiff replied that she was unaware that the time had expired when she submitted her notice of appeal because it was unbeknownst to her that a judgment had been entered. Plaintiff explains that the Order was mailed to her on a date different from when it was entered and she calculated the appeal date as November 3, 2014. (D.I. 139)

1

As to the time requirement, the Court issued its Order denying Plaintiff's motion for summary judgment and granting Defendant's motion for summary judgment on September 30, 2014 (D.I. 131). The Federal Rules of Appellate Procedure require that a notice of appeal in a civil case be filed within 30 days after the order appealed from is entered on the district court's docket. *See* Fed. R. App. P. 4(a)(1)(A). Here, the Order denying Plaintiff's motion for summary judgment and granting summary judgment in favor of Defendant was entered September 30, 2014. Pursuant to the rule, Plaintiff had to file a notice of appeal no later than October 30, 2014, or file a motion for extension of time to appeal the Order no later than December 1, 2014.[1] Accordingly, Plaintiff's motion for extension of time to file an appeal, which she filed on November 3, 2014, was timely under Rule 4(a)(5).

The Court must also determine whether Plaintiff has demonstrated excusable neglect or good cause. Factors to consider in determining whether excusable neglect exists include: "(1) the danger of prejudice to the [nonmovant]; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the movant; and (4) whether the movant acted in good faith." *In re Diet Drugs Product Liability Litigation*, 401 F.3d 143, 153-54 (3d Cir. 2005) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395-97 (1993)). As for determining if there is good cause to grant an extension, the "good cause standard applies in situations in which there is no fault – excusable or otherwise. In such situations, the need for an extension is usually occasioned by something that is not within the control of the movant." Fed. R. App. P. 4(a)(5)(A)(ii) advisory committee's note (2002 amendments).

---

[1] The thirtieth day fell on Saturday, November 29, 2014.

In this case, Plaintiff asks for the extension of time because the Order from which she appeals was not mailed to her on the same day that it was entered. Plaintiff proceeds pro se. Given Plaintiff's position and the attached post-marked envelope showing when the Order was mailed, it is not implausible that she misconstrued the time to file a notice of appeal. Turning to Rule 4(a)(5)(A)(ii), the Court concludes that there is good cause for granting an extension, and also that excusable neglect has been shown because the *Pioneer* factors weigh in favor of granting Plaintiff's motion. More specifically, Plaintiff made a good faith effort in filing her motion without delay. In addition, denying the motion would produce a harsh result for Plaintiff. Therefore, the Court will grant the motion for an extension of time to file a notice of appeal.

**IT IS HEREBY ORDERED** that:

The motion for an extension of time to appeal the September 30, 2014 Memorandum Order (D.I. 135) is GRANTED. Because Plaintiff filed a Notice of Appeal on November 3, 2014, this Order does not direct Plaintiff to again do so.

UNITED STATES DISTRICT JUDGE